# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MORGAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1346 CAS |
| | ) | |
| JANSSEN PHARMACEUTICALS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand for lack of federal jurisdiction. Defendants Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc., Janssen Research and Development, LLC, Janssen, L.P., and Johnson & Johnson Company oppose the motion. For the following reasons, plaintiffs' motion will be granted, and this action will be remanded to the Circuit Court of the City of St. Louis, State of Missouri.

### *Background*

On June 13, 2014, plaintiffs filed this action in the City of St. Louis Circuit Court, alleging thirteen state law causes of action against defendants arising out of their manufacture and sale of the antipsychotic drug risperidone. Plaintiffs allege they took risperidone and as a result, plaintiffs suffered severe and permanent injuries. They bring claims for negligence (Count I); negligence - design defect (Count II); fraud (Count III); strict product liability - failure to warn (Count IV); strict product liability - design defect (Count V); strict product liability - failure to adequately test (Count VI); strict product liability - nonconformance with representations (Count VII); breach of express warranty (Count VIII); breach of implied warranty (Count IX), violation of the Missouri

Merchandising Practices Act (Count X); punitive damages (Count XII); medical expenses incurred by parent (Count XIII); and loss of consortium (Count XIV).[1]

On August 1, 2014, defendants removed the action to this Court on the basis of diversity jurisdiction. One of the plaintiffs and three defendants, however, are citizens of Pennsylvania. Despite the lack of complete diversity on the face of the petition, defendants state that federal diversity jurisdiction exits because (1) there is no jurisdiction or venue over the three out-of-state plaintiffs, (2) the impropriety of the out-of-state plaintiffs' joinder with the Missouri plaintiff's claims provides grounds for their severance pursuant to Rule 21 of the Federal Rules of Civil Procedure, and (3) plaintiffs have fraudulently misjoined their claims. Defendants assert that the Court may exercise diversity jurisdiction over this case because under the doctrine of fraudulent misjoinder, the plaintiffs' "formulaic adherence to the method of joining unrelated claims from the forum state and one or more of the defendants' home states demonstrates [p]laintiffs' bad faith intent," and thus this Court "must sever the Pennsylvania [p]laintiff's claim." Doc. 1 at 3.

Plaintiffs move to remand the case to the City of St. Louis Circuit Court, stating that pursuant to controlling case law, <u>In re Prempro Products Liability Litigation</u>, 591 F.3d 613 (8th Cir. 2010), plaintiffs' claims have been properly joined, and defendants' fraudulent misjoinder theory must be rejected. Plaintiffs further argue that the Court should address the straightforward issue of subject matter jurisdiction before addressing personal jurisdiction or venue, which are fact dependant.

---

[1]The state court petition does not contain a Count XI.

*Discussion*

A federal court may not proceed in a case unless it has subject matter jurisdiction. See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001). Certain threshold issues, however, such as personal jurisdiction, may be addressed without a finding of subject matter jurisdiction, "provided that the threshold issue is simple when compared with the issue of subject matter jurisdiction." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999)). It is within the Court's discretion to determine whether to decide the issues of personal jurisdiction or subject matter jurisdiction first. Id. In this case, the Court finds that the issue of subject matter jurisdiction is a straightforward legal issue that has already been addressed by judges in this district, including the undersigned. Issues of personal jurisdiction and venue would require a more fact-intensive inquiry. Therefore, the Court will first take up the issue of subject matter jurisdiction.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

A state civil action may be removed to the proper district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs." Manning v. Wal–Mart Stores East, Inc., 304 F. Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity "may not be removed if any of the parties in interest properly joined

and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The diversity jurisdiction statute has also been interpreted to require complete diversity, which means that "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Here, defendants assert that this case falls within fraudulent misjoinder doctrine, which is an exception to the requirement of complete diversity.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro Products Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010) (citing 14B Charles Alan Wright et al., Federal Practice and Procedure § 3723 (4th ed. 2009)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. Fraudulent misjoinder is a more recent exception to the complete diversity rule. As explained by the Eighth Circuit, "'Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.'" Id. (quoting Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L. Rev. 52, 57 (2008)). While acknowledging the fraudulent misjoinder doctrine, the Eighth Circuit has expressly declined to either adopt or reject it. Id. at 622.

In Prempro, the plaintiffs sued many different manufacturers of hormone replacement therapy ("HRT") drugs, alleging they (or a decedent family member) had developed breast cancer from taking the drugs. As in our case, defendant manufacturers removed to federal court, arguing that plaintiffs fraudulently misjoined their claims. The Prempro defendants argued plaintiffs' claims

4

did not arise out of the same transaction or occurrence as required under Federal Rule of Civil Procedure 20(a). Defendants argued that plaintiffs were residents of different states, were prescribed different HRT drugs, by different doctors, for different lengths of time, in different amounts, and they suffered different injuries. Id. at 618. The district court agreed with defendants that the plaintiffs' claims had been improperly joined under Rule 20.

After considering the Rule 20 joinder standards, the Eighth Circuit reversed, concluding that the defendant manufacturers had not met their burden of establishing plaintiffs' claims were egregiously misjoined. Despite all the differences in their claims, plaintiffs' claims were "logically related because they each developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs." Id. at 623. The Eighth Circuit found several common questions of law and fact, including the causal link between HRT drugs and breast cancer, and whether the manufacturers knew of the dangers of HRT drugs. The Eighth Circuit found that even if the fraudulent misjoinder doctrine were applicable, the plaintiffs' alleged misjoinder was not so egregious as to constitute fraudulent misjoinder. Id. at 622.

In this case, the Court finds defendants' argument for the application of the fraudulent misjoinder doctrine weaker than that rejected by the Eighth Circuit in Prempro. Plaintiffs' claims here are more logically connected to one another than those of the Prempro plaintiffs. Plaintiffs allege that they took the same drug, risperidone, which caused them to suffer a number of serious health conditions, many of which are alleged to be the same. While the exact nature of the health conditions may differ, plaintiffs' claims need not share a common outcome, so long as common questions of law and fact are likely to arise in the litigation. Prempro, 591 F.3d at 623; see also Butler v. Ortho-McNeil-Janssen Pharms., Inc., 4:14-CV-1485, 2014 WL 5025833, *2 (E.D. Mo.

5

Oct. 8, 2014). Plaintiffs allege claims arising out of, among other things, defendants' express and implied warranties, design defects, and failure to adequately test. As in Prempro, common questions of law and fact are likely to arise in this case, including the causal link between risperidone and the alleged serious health conditions, whether defendants knew of the alleged danger of the serious health conditions, and the terms of any express or implied warranties given by defendants. Because the plaintiffs all allege injuries arising out of risperidone, even if these injuries are not identical, the Court cannot say plaintiffs' claims have no real connection to each other such that they are egregiously misjoined. See Prempro, 591 F.3d at 623.

In support of the application of the theory of fraudulent misjoinder in this case, defendants cite to a number of cases from districts in New Jersey, New York, Pennsylvania, West Virginia and Nevada. The Court does not find these cases to be persuasive. They "are not sufficient indicators that the Eighth Circuit Court of Appeals is likely to alter a precedent that has been applied consistently in the Eighth Circuit." Hogans v. Johnson & Johnson, No. 4:14-CV-1385, 2014 WL 4749162, *3 (E.D. Mo. Sept. 24, 2014) (rejecting authority from outside the Eighth Circuit and remanding to state court).[2] The Court also rejects defendants' contention that the only reason these plaintiffs, who are from different states, would chose to litigate in St. Louis is that "their lawyers are engaged in procedural gamesmanship." Doc. 21 at 11. There are a myriad of reasons these plaintiffs

---

[2]Defendants also cite to Rolfe v. Biomet, Inc., No. 4:14-CV-738, 2014 WL 3420814 (E.D. Mo. July 14, 2014), in support of the application of the doctrine of fraudulent misjoinder in this case. This authority is not persuasive because on August 29, 2014, on a motion for reconsideration, the Honorable Audrey G. Fleissig reversed her ruling and remanded the action to state court. Rolfe, 2014 WL 4261635, at *1 (E.D. Mo. Aug. 29, 2014) ("Upon reconsideration, the Court believes that joinder of the two sets of claims does not meet the 'egregiously misjoined' standard for a finding of fraudulent misjoinder.") (citing In re Prempro Prods. Liab. Litig., 591 F.3d 613, 623 (8th Cir. 2010)).

6

might choose to join up and file suit together in Missouri, including potential cost savings, in the same way there may be a myriad of reasons defendants would like to remove the case to federal court, some of which may be financial and some strategic. Under the circumstances of this case, which parallels Prempro, the Court cannot conclude that plaintiffs' motive in filing together in state court was fraudulent.

In sum, plaintiffs' claims are sufficiently related to support joinder in this case. Because there is not complete diversity between the parties, the Court lacks subject matter jurisdiction. Thus, this matter must be remanded to state court for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **GRANTED**. [Doc. 15]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri, under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that defendants' Motion for Leave to File Supplemental Authority in Support of Notice of Removal and Motion to Dismiss is **GRANTED**. [Doc. 32]

**IT IS FURTHER ORDERED** that defendants' Motion for a Hearing is **DENIED**. [Doc. 23]

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement, and Motion to Sever are **DENIED without prejudice as moot**. [Docs. 4, 6]

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of November, 2014.